# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ] | |
| ] | |
| v. ] | NO. 3:20-CR-00161-2 |
| ] | Judge Trauger |
| SHELBY LIGONS ] | |

### SUPPLEMENT TO SENTENCING MEMORANDUM OF SHELBY LIGONS SENTENCING DOCUMENTS OF RYAN RAY

Comes now the defendant, Shelby Ligons, by and through undersigned counsel and hereby provides sentencing documents pertaining to the July 14, 2021 sentencing of Ryan Ray, in the case of *State of Tennessee v. Ryan Ray*, Case No. 2020-D-2089 See arrest warrants, plea petition, indictment, judgments and criminal history (attached as **Exhibit A**).

This documentation is intended as a supplement to Ms. Ligons' sealed sentencing memorandum (sealed Docket No. 75). One of the factors to be considered in determining the appropriate sentence for Ms. Ligons is the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." Title 18 U.S.C. § 3553(a)(6). As there have not yet been any persons sentenced for felonious conduct in connection with the May 30, 2020 Nashville protest at the Courthouse, undersigned counsel brings this matter to the attention of this Court as it is related to the events at issue.

On July 14, 2021, the Honorable Cheryl Blackburn of Division III of the Davidson County Criminal Court sentenced Mr. Ryan Ray to ten years to be served on community corrections; Mr.

Ray had approximately one year of pretrial jail credit. Mr. Ray's arrest warrants are attached and indicate that on May 30, 2020, *following the protests at the Historic Courthouse*, Mr. Ray went to the Broadway area of downtown Nashville and burglarized, set fire to and vandalized Margaritaville and the Boot Barn. See **Exhibit A.** Mr. Ray pled guilty to inciting a riot, two counts of burglary, four counts of vandalism, theft and setting fire to property. Mr. Ray is currently serving a ten-year community corrections sentence for his post-protest conduct involving theft, burglary, vandalism and setting fire to a building. See **Exhibit A**. Community corrections is similar to probation, but has many more requirements, including mandatory community service, frequent reporting to an officer, frequent drug screens, and other various conditions. A person on community corrections who violates the terms of the community corrections is subject to resentencing[1]. *See* T.C.A. section 40-36-106(e)(4).

Ms. Ligons notes that in light of the sentence imposed on Mr. Ray for his acts following his involvement in the May 30, 2020 protests, the sentence proposed by Ms. Ligons' will not result in a sentencing disparity.

---

[1] In the event that Mr. Ray were to be sentenced to a term of imprisonment, his judgments indicate that he is a range I offender who would be eligible for release after serving thirty percent of his sentence. As this Court knows, there is no parole on a Bureau of Prisons sentence.

Respectfully submitted,


   s/ **Jodie A. Bell**
JODIE A. BELL, No. 18336
214 Second Avenue North, Suite 208
Nashville, Tennessee 37201
(615) 953-4977
(615) 928-1901  facsimile
jodie@attorneyjodiebell.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing Supplement was filed electronically and served on the following:

Ben Schrader
U.S. Attorney's Office
Middle District of Tennessee
Suite A-961, 110 Ninth Avenue South
Nashville, Tennessee 37203

This the 16th day of July 2021.

/s/ Jodie A. Bell
JODIE A. BELL