UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ] |
| | ] |
| v. | ] No. 3:20-CR-161 |
| | ] JUDGE TRAUGER |
| SHELBY LIGONS | ] |

### SUPPLEMENTAL PLEADING ADDRESSING SENTENCING DISPARITIES

Comes now the defendant, Shelby Ligons, by and through undersigned counsel, and hereby provides this supplemental pleading addressing the issue of sentencing disparities (Docket No. 61). Specifically, the Court asked the parties to determine what charges were brought against persons in Nashville and in the United States stemming from the May 2020 George Floyd protests. Undersigned counsel and the government have conferred and shared the results of their respective research pertaining to this issue prior to the filing of their pleadings.

Undersigned counsel submits the following charges, pleas and sentencings:

**I.   Davidson County Felony Charges Related to May 30, 2020 Protests[1]:**

- ***State of Tennessee v. Wesley Somers and Jesse Clark, No. 2020-D-1863***
    - Count One: Aggravated Arson as to Somers and Clark (Class A felony)
        - Sentencing exposure 15-60 years; range I offender[2] is 15-25 years.
    - Count Two: Vandalism Over $60,000 but less than $250,000 as to Somers and Clark (Class B felony)

---

[1] This memorandum does not include the misdemeanor arrests; multiple people were arrested on disorderly conduct and other minor offenses.

[2] The range I offender sentencing range is provided because Ms. Ligons is a range I offender. A range I offender for Tennessee sentencing purposes is typically a person with one or fewer prior felony convictions. See generally T.C.A. §§ 40-35-105 to 40-35-109. Undersigned counsel does not have the entire criminal histories of the defendants listed in this pleading.

- Sentencing exposure is 8-30 years; range I offender is 8-12 years.
  - Pretrial status with a settlement discussion scheduled for December 9, 2021.

- ***State of Tennessee v. Wesley Somers, No. 2020-C-1459***
  - Count One: Vandalism Over $2,500 (Class D felony)
    - Sentencing Exposure 2-12 years; range I offender is 2-4 years.
  - Count Two: Vandalism Over $1,000 (Class E felony)
    - Sentencing Exposure: 1-6 years; range I offender is 1-2 years.
  - Count Three: Aggravated Riot (Class E felony)
    - Sentencing Exposure: 1-6 years, but there is a mandatory 45 day sentence if convicted (T.C.A. § 39-17-303); range I offender is 1-2 years.
  - Pretrial status with a settlement discussion scheduled for December 9, 2021.

- ***State of Tennessee v. Tondrique Fitzgerald, No. 2020-C-1555***
  - Count One: Aggravated Riot (Class E felony)
    - Sentencing Exposure: 1-6 years, but there is a mandatory 45 day sentence if convicted (T.C.A. § 39-17-303); range I offender is 1-2 years.
  - Count Two: Vandalism Over $1,000 (Class E felony)
    - Sentencing Exposure: 1-6 years; range I offender is 1-2 years.
  - Pretrial status with a settlement discussion scheduled for July 29, 2021.

- ***State of Tennessee v. Ryan Ray, No. 2020-D-2089***
  - Count One: Inciting a Riot (Class A misdemeanor)
    - Sentencing Exposure: 11 month, 29 day max.
  - Counts Two and Four: Burglary (Class D felony)
    - Sentencing Exposure: 2-12 years; range I offender is 2-4 years.
  - Count Three: Vandalism Over $60,000 (Class B felony)
    - Sentencing Exposure: 8-30 years; range I offender is 8-12 years.
  - Count Four: Theft Over $2,500 (Class D felony)

- Sentencing Exposure: 2-12 years; range I offender is 2-4 years.
  - Count Six: Setting Fire to Property (Class E felony)
    - Sentencing Exposure: 1-6 years; range I offender is 1-2 years.
  - Counts Seven, Eight and Nine: Vandalism over $2,500 (Class D felony)
    - Sentencing Exposure: 2-12 years; range I offender is 2-4 years.
  - **Sentenced on July 14, 2021 to ten years, as a range I offender, to be served on community corrections**. Mr. Ray pled to all counts and the Court ran the sentences concurrently with the longest sentence imposed on Count Three, ten years. Mr. Ray had approximately one year jail credit at the time of her sentencing and was released.

- *State of Tennessee v. Nicholas T. Barrett, GS921873*
  - Aggravated Assault Warrant (C Felony)
    - Sentencing Exposure: 3-15 years incarceration; range I offender is 3-6 years.
  - This case was bound over for Grand Jury review on May 18, 2021.

- *State of Tennessee v. Vincent Hamer*, *GS920647 & GS920648*
  - GS920647: Aggravated Riot (Class E felony)
    - Sentencing Exposure: 1-6 years, but there is a mandatory 45 day sentence if convicted (T.C.A. § 39-17-303); range I offender is 1-2 years.
  - GS920648: Vandalism Over $1,000 (Class E felony)
    - Sentencing Exposure: 1-6 years; range I offender is 1-2 years.
  - This case was bound over for Grand Jury review on July 8, 2021.

See **Exhibit A**, Documentary Proof of Davidson County cases with the exception of Mr. Ray's documents which were filed with the Court on July 16, 2021 (Docket No. 78). In light of the extent of the involvement of the above defendants, particularly Ms. Somers, the sentence

requested by Ms. Ligons will not result in a sentencing disparity and is "sufficient but no greater than necessary" to further the sentencing objectives of this Court.

    II.      **Minneapolis Minnesota Federal George Floyd Protest Prosecutions:**

- ***United States of America v. Garrett Patrick Ziegler*, No. 20-CR-00188 (DMN)**
    - Title 18 U.S.C. § 844(i) and 2 – Felony Information
    - The charges stem from the use of Molotov cocktails to firebomb the Dakota County Western Service Center (WSC) on May 29, 2020. Notably, the defendant's plea petition indicates that prior to the attack, he posted threats on Snapchat, he purchased a number of items in advance of the attack (nail polish, push pins, mason jars, isopropyl alcohol, high-proof alcohol, lighter fluid, bandanas/scarves and a baseball bat (20-CR-00188 (DMN), Dkt. 52, plea petition). The co-defendant built the Molotov cocktails and both the co-defendant and Ziegler on two occasions when to the WSC; the first time they failed to ignite the building although the codefendant did throw a Molotov cocktail at it. Upon their return on May 29th, they broke windows and the codefendant, assisted by Ziegler, threw Molotov cocktails in the window starting the fire; both defendants poured ignitable liquids and Molotov cocktails in and around the building.
    - Mr. Ziegler's advisory sentencing guidelines range was the same as Ms. Ligons (Id. at p. 6); the Court imposed a **sixty-month sentence, followed by 3 years supervised release, $100 assessment and $205,872.53 restitution**.
    - There do not appear to have been any grounds for departure below the mandatory minimum sentence.

*See* 20-CR-0188 (DMN), Dkt, No. 54.

- ***United States of America v. Fornandous Cortez Henderson*, No. 20-CR-00145 (DMN) (related case above, 20-CR-0188(DMN))**
    - Title 18 U.S.C. § 844(i) and 2 – Felony Information
        - Sentencing Exposure: 5-20 years.

- o The charges stem from the use of Molotov cocktails to firebomb the Dakota County Western Service Center (WSC) on May 29, 2020. The defendant constructed Molotov cocktails and both Henderson and his codefendant Ziegler on two occasions went to the WSC; the first time they failed to ignite the building although the defendant threw a Molotov cocktail at it. Upon their return on May 29th, they broke windows, threw Molotov cocktails in a window starting the fire; both defendants poured ignitable liquids and Molotov cocktails in and around the building.
- o Mr. Henderson's sentencing guidelines range was 70-87 months (20-CR-00145, Dkt. 32, p. 5); the Court imposed a **seventy-eight month sentence, followed by 3 years supervised release, $100 assessment and $205,872.53 restitution.**
- o The sentencing memorandum filed by the government indicated that Mr. Henderson had an extensive criminal history, included violent and aggressive offenses (0:20-CR-00146 (DMN), Dkt. 41, p9. 2-3).

See 20-CR-0146 (DMN), Dkt, No. 48.

- *United States of America v. Dylan Robinson, et al,* **No. 0:20-CR-00181(DMN)**
  - o Four defendants were charged with conspiring to commit an act of arson on the Minneapolis Third Police Precinct on May 28, 2020 in response to the George Floyd murder. A barrier designed to keep trespassers out of the Third Precinct was torn down and all four defendants breached the fence and entered the building or its surrounding curtilage (0:20-CR-00181, Dkt. 16, Indictment).
  - o The charged defendants were Dylan Robinson, Davon Turner, Bryce Williams and Michael Wolfe (0:20-CR-00181(DMN), Dkt. 16, Indictment); all four were charged with a violation of 18 U.S.C. § 371, alleging a conspiracy to commit a violation of 18 U.S.C. § 844(i). (*Id.*)
    - Sentencing Exposure for each defendant: 0-5 years.
  - o **Dylan Robinson:**

- Sentenced to **48 months, 2 years supervised release, $12,000,000 joint restitution**.
- Advisory guideline range was 41-51 months, criminal history II.
- Appears to have used Molotov cocktails once inside the precinct to burn it.

- **Davon Turner:**
  - Sentenced to **36 months, 2 years supervised release, $12,000,000 joint restitution**.
  - Advisory guideline range was 41-51 months, criminal history II (0:20-CR-00181(DMN), Dkt 120, p.7),
  - Turner and Willilamson lit a Molotov cocktail together inside the police department after breaching the protective fence and entering the building (0:20-CR-00181(DMN), DKT 190, pp. 2-3).

- **Bryce Williams:**
  - Sentenced to **27 months, 2 years supervised release, $12,000,000 restitution**.
  - Advisory guideline range was 37-46 months, criminal history I (0:20-CR-00181(DMN), Dkt. 92, p.6).
  - Appears to have used a Molotov cocktail to set fire to the police station; Mr. Williams tossed it over a fence but did not appear to have entered the building (I*d*.; see also complaint, Dkt. 1, p. 9).
  - Mr. Williams' sentencing memorandum indicated that that Williams, a young African American male, had been pulled over by police numerous times and believed law enforcement treated people differently based upon their race. Following the incident, Mr. Williams was a peaceful advocate for change. (020-CR-00181(DMN), Dkt. 146, pp. 2-6).

- **Michael Wolfe:**
  - Sentenced to **41 months, 2 years supervised release, $12,000,000 joint restitution**.
  - Advisory guideline range was 37-46 months, criminal history I (0:20-CR-00181 (DMN),Dkt 109, p. 6)

- Mr. Wolfe entered into the police precinct and pushed a barrel into the fire, making the fire bigger. Following his arrest, police found numerous police items belonging to the Minneapolis police in his home, including a riot helmet, 9mm pistol magazine, police radio and police issue overdose kit. (0:20-CR-00181(DMN), Dkt. 1-1, complaint, pp. 7-8).

As to the above referenced cases, the sentenced defendants engaged in much more egregious conduct than Ms. Ligons. Defendants Ziegler and Fornandous engaged in significant planning and returned to the courthouse building on two occasions to attempt to burn it. All of the above cases involved Molotov cocktails, indicating a degree of preplanning and the use of some sort of fire accelerant. As to the conspiracy to burn down the police department in *United States v. Robinson, et. al*, there was a much larger fire causing significantly more damage; a fence was broken down and all four defendants went through the fence into a restricted area where they engaged in criminal conduct. The actions of those resulted in $12,000,000 in damage. By comparison, Ms. Ligons was not in a restricted area nor did she preplan her actions, rather she was swept up in the emotion of the moment. She simply sat her burning poster in a window; she did not use an accelerant. Thus, the sentence requested for Ms. Ligons will not result in a sentencing disparity and, in light of all the 3553(a) factors will result in a sentence that is sufficient but no greater than necessary to further the sentencing objectives of the Court.

### III. Additional 844(i) Convictions Related to the George Floyd Protests

- *United States of America v. Marqhon Clark,* **No. 3:20-CR-00132 (WD WISC)**
    - Sentenced to **84 months imprisonment, 3 years supervised release, $105171.29 restitution**.
    - Advisory guideline range was 77-96 months (3:20-CR-00132 (WD WISC), Dkt. 31, p. 3).
    - During protests, Mr. Clark threw a plastic bottle with some accelerant in it that was on fire, into a public building where people (dispatchers) were working; building had to be evacuated and 911 calls were not answered for a period of time. *Id.* at p .2.

- *United States of America v. Carlos Espriu,* **No. 5:20-CR-00171 (CD CA)**
    - **60 months incarceration, 3 years supervised release, $5426.64 restitution**.
    - Advisory guideline range was 37-46 months, reflecting an offense level of 21 and criminal history I (5:20-CR-00171 (CD CA), Dkt. 31, p. 4); sentencing exposure was 5 to 20 years.
    - Mr. Espriu went to a government building at 1:16 a.m. on May 31, 2020, wearing a mask, with a bat and backpack that had three clear bottles with liquid inside. After breaking the windows with a bat, he lit the three bottles on fire and threw them in the building (5:20-CR-00171 (CD CA), Dkt. 1). Following the offense, the defendant shaved his beard and altered the look of his vehicle to avoid detection by law enforcement (5:20-CR-00171 (CD CA), Dkt. 31, p. 6).

- *United States v. Terrene Lee Hester, Jr.,* **No. 8:20-CR-00225 (MD FLA)**
    - **60 months imprisonment, 3 years supervised release, restitution to be determined**.
    - Mr. Hester threw a flaming and burning cloth through a broken window into a Champs Store. The Champs store was located in a Tampa shopping mall where, on the night of May 30, 2020, significant looting occurred in the mall

and the Champs Store, as well as other businesses in the mall, were significantly damaged by fire. Numerous palm trees around the shopping mall were also set on fire. The shopping mall sustained significant damage stemming from the fire that is believed to have originated in the Champs Store (No. 8:20-CR-00225 (MD FLA), Dkt. 1). Mr. Hester appears to have been the personnally responsible for starting the fire.
    - The advisory sentencing guideline range could not be determined from a review of the docket in this case.


- *United States of America v. Kelsey Jackson,* **No. 2:20-CR-542 (D SC)**
    - **24 months imprisonment, 3 years supervised release and $1,224.06 restitution**.
    - Mr. Jackson appears to have been facing a similar advisory guideline range as Ms. Ligons, 37-46 months, although a review of the unsealed motion for downward departure or variance indicated a higher initial calculation and an objection to an enhancement. The pleadings are unclear as to how the Court ruled, but defense counsel argued that the advisory guideline range should have been 37-46 months (No. 2:20-CR-542 (D SC), Dkt. 32). The plea agreement implies a cooperation agreement and the potential for a downward departure on these grounds (No. 2:20-CR-542 (D SC), Dkt. 36).
    - During the May 30, 2020 protests, Mr. Jackson lit a shirt with lighter fluid and threw it into a vandalized police car (No. 2:20-CR-542 (D SC), Dkt. 32).


- *United States of America v. Tyre Means,* **No. 2:20-CR-00182 (WD WA)**
    - **60 months imprisonment, 3 years supervised release.**
    - Advisory guideline range of 84-105 months based upon an offense level of 25, and criminal history category of IV (No. 2:20-CR-00182 (WD WA), Dkt. 34); the government recommended a sentence of sixty months to run concurrently with Mr. Means pending burglary case No. 2:20-CR-00182 (WD WA), Dkt. 34, pp. 3-4).

- Pled to 18 U.S.C. § 844(i) and 18 U.S.C. § 922(j) and faced 5 to 20 years at sentenced. Initially, Mr. Means faced several charges in addition to 18 U.S.C. § 844(i); he was also charged with possession of a stolen firearm (18 U.S.C. § 922(j)), unlawful possession of a firearm by a convicted felon (18 U.S.C. § 922(g)(1)) and possession of a firearm by a person subject to an order of protection (18 U.S.C. § 922(g)(8)).
- In this case, Mr. Means set a police car on fire and then stole a rifle out of the back of a vandalized police car (No. 2:20-CR-00182 (WD WA), Dkt. 1).

## IV. Additional George Floyd Protest Cases – Pending or Involving Different Charges

Undersigned counsel has located several other pending cases brought pursuant to Title 18 U.S.C. § 844(i), as well as several other charges, stemming from George Floyd murder protests:

- ***United States of America v. Newbins, et al,* No. 2:20-CR-00182 (DUTAH)**
    - Five defendants were charged in connection with the May 30, 2020 burning and complete destruction of a police car during the George Floyd protests in Salt Lake City, Utah; the police car was completely destroyed. All five defendants were initially charged with a violation of Title 18 U.S.C. § 844(i) and faced 5 to 20 years.
    - **Latroi Newbins**
        - Newbins is alleged to have thrown combustible materials onto the burning patrol car (2:20-CR-00182 (DUTAH), Dkt. 1).
        - Change of plea hearing scheduled for July 26, 2021 (2:20-CR-00182 (DUTAH), Dkt. 255).
    - **Lateesha Richards**
        - Ms. Richards pled guilty to placing a torn piece of clothing on the fire.
        - Ms. Richards pled guilty on a criminal information to civil disorder in violation of Title 18 U.S.C. § 231; her sentencing is scheduled for August 2, 2021 (2:20-CR-00182 (DUTAH), Dkt. 219 & 237).
        - Civil disorder carries a potential sentence of 0-5 years.

- o **Jackson Patton**
    - Mr. Patton through a substance on the burning police car that caused the fire to increase.
    - Mr. Patton pled guilty on a criminal information to civil disorder in violation of Title 18 U.S.C. § 231; his sentencing is scheduled for August 11, 2021 (2:20-CR-00182 (DUTAH), Dkt. 216, 220 & 262).
    - Civil disorder carries a potential sentence of 0-5 years.
- o **Christopher Rojas**
    - Mr. Rojas is currently scheduled for a jury trial on the original charge; the trial is scheduled for October 15, 2021 (2:20-CR-00182 (DUTAH), Dkt. 245).
- o **Larry Williams**
    - Mr. Williams had a sheet at the protest that was set on fire by Rojas and placed on the police car. Mr. Williams brough his U.S. Air Force gas mask with him to the protest and wore it. (2:20-CR-00182 (DUTAH), Dkt. 1).
    - Mr. Williams pled guilty on a criminal information to civil disorder in violation of Title 18 U.S.C. § 231; his sentencing is scheduled for August 31, 2021 (2:20-CR-00182 (DUTAH), Dkt. 241 & 243).
    - Civil disorder carries a potential sentence of 0-5 years.

- ***United States of America v. Brian Bartels,* 2:20-CR-00116 (WDPENN)**
    - o Charged with obstruction of law enforcement during civil disorder in violation of Title 18 U.S.C. 231(a)(3); sentencing exposure was 0-5 years.
    - o On May 30, 2020, Mr. Bartels appeared at the Pittsburg, Pennsylvania George Floyd murder protests. He wore a black bandana and hoodie and brought spray paint; he spray painted a police car and broke the window (2:20-CR-00116 (WDPENN), Dkt. 1).

- o Sentenced to **time served followed by three years supervised release**, with **180 days in a residential re-entry center, $1,000 restitution** (2:20-CR-00116 (WDPENN), Dkt. 55).

- *United States of America v. Vincent Eovacious,* **No 4:20-CR-40037 (DMASS)**
    - o On June 1, 2020 during George Floyd protests in Worchester, Massachusetts, Mr. Eovacious is alleged to have been standing on a building, yelling kill the police and pulling out a Molotov cocktail. He was arrested and charged with civil disorder in violation of 18 U.S.C. §231 and possession of an unregistered firearm in violation of 28 U.S.C. § 5861(d) (4:20-CR-40037 (DMASS), Dkt. 1); these offenses carry potential prison sentences of 0-5 years and 0-10 year respectively.
    - o A Rule 11 hearing is scheduled for August 18, 2021 (4:20-CR-40037 (DMASS), Dkt. 68).

- *United States of America v. Killian Melecio,* **No. 2:21-CR-00077 (D NJ)**
    - o **28 months imprisonment, 3 years supervised release** (No. 2:21-CR-00077 (D NJ), Dkt. 55).
    - o Originally charged by criminal complaint of violations of 18 U.S.C. §844(f)(1), 18 U.S.C. 844(i). Entered a plea to civil disorder in violation of Title 18 U.S.C. § 231, resulting in a sentencing exposure of 0-5 years.
    - o Melecio stuffed a shirt into the gas tank of a police vehicle and set the shirt on fire.

- *United States of America v. Kelly Jackson*, **No. 2:20-CR-148 (WD WA)**
    - o **40 month sentence, 3 years supervised release** (No. 2:20-CR-148 (WD WA), Dkt. 57).
    - o Initially charged with two counts of 18 U.S.C. § 844(i) and two counts of unlawful possession of destructive devices in violation of 26 U.S.C. §§ 5861 and 5845; the 844(i) offenses were dismissed as part of the plea and he was allowed to plead to offenses that did not have a statutory mandatory minimum

sentence making his sentencing exposure 0-10 years (No. 2:20-CR-148 (WD WA), Dkt. 7).

- o Mr. Jackson attended George Floyd protests in downtown Seattle on May 30, 2020. He went to the protests with a face respirator that covered his face, ski goggles and a backpack containing Molotov cocktails that he had prepared in advance of the protest. He threw two Molotov cocktails at two separate police vehicles (No. 2:20-CR-148 (WD WA), Dkt. 1).

- *United States of America v. Cyril Lartigue*, **No. 20-CR-00156 (WD TEXAS)**
    - o Charged with a violation of Title 26 U.S.C. § 5861(d) Possession of an unregistered destructive device (20-CR-00156 (WDTEXAS), Dkt. 1, 45, 60); sentencing exposure is 0-10 years.
    - o Mr. Lartigue is alleged to have possessed a Molotov cocktail at the May 30, 2020 protest of the George Floyd murder in Austin, Texas.
    - o Case set for trial on October 18, 2021 (20-CR-00156 (WDTEXAS), Dkt. 59).

- *United States of America v. Samantha Shader,* **No. 1:20-CR-00202 (EDNY)**
    - o Defendant Shader is charged with a violation of Title 18 U.S.C. § 844(i), as well as several other federal charges. It is alleged that on May 30, 2020 at 1:12 a.m., Ms. Shader lit an incendiary device, a Molotov cocktail and threw it at a NYPD police vehicle that was occupied by four NYPD officers, shattering two of the windows and causing damage to the vehicle interior (1:20-CR-00202, Complaint, Dkt. 1, p. 2-3). It is unclear if these actions were in relation to a protest, however given the timing of the events it appears the defendant's actions may have been in response to the George Floyd murder.
    - o Ms. Shader's case is still pending; her next status conference is scheduled for August 18, 2021 (1:20-CR-00202, Dkt. 31).

Generally, according to the Washington Post, most protesters arrested in connection with the George Floyd protests were charged with misdemeanor offenses.

https://www.washingtonpost.com/graphics/2020/investigations/george-floyd-protesters-arrests.

According to the Associated Press, eighty-six people were charged with arson related offenses including attempts and conspiracy to commit arson. See https://apnews.com/article/virus-outbreak-race-and-ethnicity-suburbs-health-racial-injustice[3].

Given the cases set forth above, Ms. Ligons' requested sentence will not result in a disparity. Her conduct is much more benign than in other Title 18 U.S.C. § 844(i) cases. In fact, persons who engaged in conduct more dangerous than Ms. Ligons, and whom did not have the similar departure grounds were allowed to plead to civil disobedience subjecting those defendants to a lower sentence of zero to five years. As outlined above, in the Salt Lake City case involving the complete destruction of a police car, persons who took a more active role and appeared to have planned for mayhem, were allowed to plead to the less serious charge of civil disobedience and the mandatory minimum sentence was removed from the Court's consideration. Those defendants are currently awaiting sentencing.

V. **Additional Federal 844(i) Prosecutions:**

- ***United States of America v. Seth Pendley*** **No. 4:21-CR-00139 (NDTX)**
    - Defendant Pendley is charged with the April 21, 2021 attempting to damage and destroy by means of fire and explosive materials, the Amazon Web Services Data Center in Ashburn, Virginia (4:21-CR-00139, Complaint, Dkt. 1). Mr. Pendley made several statements to a cooperating source about Pendley's intent to to obtain explosives to attack the Amazon Web Services

---

[3] The cases identified in this pleading were located through internet research. Undersigned counsel was not able to identify all eight-six arson related federal prosecutions, however she and the government have been conferring and sharing information pertaining to the pending cases.

Data Center. Mr. Pendley purchased explosive devices and other items to accomplish the attack. FBI agents searched his home in Texas and discovered maps, notes and flashcards related to the attack; an AR receiver with a sawed off barrell; wigs and masks; a pistol that had been painted to look like a toy gun; and a machete (*Id.* at pp. 6-7).

- o Mr. Pendley has entered a guilty plea and his case is scheduled for sentencing on October 1, 2021 (4:21-CR-00139, Dkt. 23).

- *United States of America v. Rio A. Mirabal*, No. 2:21-CR-00057 (EDWASH*)*
  - o Defendant Mirabal is charged with damaging by means of fire, St. Charles Parris and School located in Spokane, Washington; the offense date is March 18, 2021 (2:21-CR-00057 (EDWASH), Dkt. 1).
  - o Defendant Mirabal's case is scheduled for a jury trial on October 18, 2021 (2:21-CR-00057 (EDWASH), Dkt. 23).

- *United States of America v. Peter Yeager,* No. 2:21-CR-00001 (EDWASH*)*
  - o The indictment alleges that on December 9, 2020, Defendant Yeager damaged by means of the fire, the Teamsters Building located in Spokane, Washington (2:21-CR-00001 (EDWASH), Dkt. 1).
  - o Defendant Yeager is currently undergoing a competency evaluation and his trial date was stricken, to be reset at a later date (2:21-CR-00001 (EDWASH), Dkt. 23).

The above cases were included so that the Court can get an idea of the types of cases the government deems worthy of federal prosecution under 18 U.S.C. § 844(i)[4].

# CONCLUSION

At the time of the charged offense, Ms. Ligons was a twenty-two year old African-American woman at her first protest and march. She planned to participate in the march with friends and prepared by making posters to carry as she walked through the streets of downtown Nashville. *Ms. Ligons did not plan to vandalize or commit any property damage and did not take any materials with her to commit crimes.* She got swept up in the moment. She has accepted responsibility, confessed her conduct when confronted by the FBI and promptly negotiated a disposition of her case. Based upon all of the factors outlined in section 3553(a), including sentence disparities, the requested sentence (which contemplates a variance based upon age, mental health, family circumstances and other factors) of probation (with significant conditions) is sufficient but no greater than necessary to further the objectives of this Court.

Respectfully submitted,

___s/ **Jodie A. Bell**_____
JODIE A. BELL, No. 18336
Washington Square Building
214 Second Avenue North, Suite 208
Nashville, Tennessee 37201
(615) 953-4977
(615) 928-1901 facsimile
jodie@attorneyjodiebell.com

---

[4] The government will provide a more comprehensive list of pending cases related to the George Floyd protests for the Court's review.

# CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing Supplement was filed electronically and served on the following:

John Benjamin Shrader
U.S. Attorney's Office
Middle District of Tennessee
Suite A-961, 110 Ninth Avenue South
Nashville, Tennessee 37203


This the 29th day of July 2021.

/s/ Jodie A. Bell
JODIE A. BELL